## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.   16-cv-03079-MSK-MJW

ESTATE OF NATE CARRIGAN,
JOHN CARRIGAN,
MELISSA CARRIGAN, and
KOLBY MARTIN

      Plaintiff,

v.

PARK COUNTY SHERIFF'S OFFICE,
SHERIFF FRED WEGENER, in his official and individual capacity, and
MARK HANCOCK, in his official and individual capacity

      Defendant,

---

## ANSWER

---

Defendants, by their attorney, Timothy P. Schimberg, of Fowler, Schimberg, Flanagan & McLetchie, P.C., in Answer to Plaintiff's Complaint, admits, denies and avers as follows:

## I.    <u>RESPONSE TO "INTRODUCTION"</u>

1.    As to paragraph 1, the statements set forth therein constitute legal conclusions to which no response is required. To the extent that the inflammatory language is construed or inferred to state a claim, these defendants deny these statements in their entirety.

2.    As to paragraph 2, these defendants admit that Deputies Martin and Carrigan were shot by Martin Wirth. The remaining statements are denied.

1

## II.     RESPONSE TO "JURISDICTION, VENUE AND NOTICE"

3.      As to paragraph 3, these defendants admit that this Court possesses jurisdiction to hear civil rights claims grounded in the United States Constitution and certain federal statutes. The remaining statements constitute legal conclusions to which no response is required. These defendants deny that any of their individual or collective actions violated the law.

4.      As to paragraph 4, these defendants admit that plaintiffs' case has been filed in the United States District Court for District of Colorado, that "all relevant events" occurred in Colorado and admit that defendants either maintained offices or reside in Colorado. The remaining statements are denied.

5.      As to paragraph 5, the defendants admit that Notices of Claim under the Colorado Governmental Immunity Act were provided by the plaintiffs. The Notices speak for themselves. The remaining statements are denied.

## III.     RESPONSE TO "PARTIES"

6.      As to paragraph 6, these defendants admit that Nate Carrigan was a resident of the State of Colorado, a citizen of the United States and died in Park County, Colorado on February 24, 2016. Based upon the defendants' best information and belief, they admit that Melissa Carrigan is the mother of Nate Carrigan. The remaining statements are either denied or these defendants are without sufficient information to admit or deny the statements and therefore deny the same.

7.      As to paragraph 7, and based upon the defendants' best information and belief, the statement is admitted.

8.      As to paragraph 8, and based upon the defendants' best information and belief,

the statement is admitted.

9.      As to paragraph 9, the statement is admitted.

10.     As to paragraph 10, Defendant Park County Sheriff's Office ("PCSO") admits that it is an independent agency of Park County, and is located in the State of Colorado. It admits that it is a legal entity. The remaining statements lack sufficient definiteness and particularity which would enable the defendant to respond and therefore denies the statements.

11.     As to paragraph 11, the plaintiffs' Complaint speaks for itself. Defendant PCSO denies the remaining statements set forth.

12.     As to paragraph 12, defendants admit that Sheriff Fred Wegener is the elected Sheriff of Park County. It is admitted that he was acting in his capacity as the Sheriff of PSCO at the time of the incidents described in the Complaint. The remaining statements are denied as they are not stated with sufficient definiteness nor particularity.

13.     As to paragraph 13, these defendants admit that Captain Mark Hancock served during the incident that resulted in Nate Carrigan's death and the injuries sustained by Plaintiff Martin. It is admitted that he was acting in his capacity as Captain of PCSO on February 24, 2016 during the eviction of Mr. Wirth. The remaining statements are denied as they are not stated with sufficient definiteness nor particularity which would enable the defendants to respond.

## IV.      RESPONSE TO "STATEMENT OF FACTS"

### A.      Response to "Background"

14.     As to paragraph 14, these defendants admit that on or about January 20, 2016, there was a report that Mr. Wirth went to an insurance office in Golden, Colorado and during a

discussion there, Mr. Wirth became upset and made a verbal threat. The defendants admit that the Jefferson County Sheriff's Department was dispatched and its deputies eventually followed Mr. Wirth to a residence. These defendants admit that pursuant to a request for assistance, certain PCSO officers went to the residence and one was Detective David Leffler, who also participated in the February 24, 2016 eviction of Wirth. These defendants admit that at the residence on January 20, Wirth was restrained. The remaining statements are either denied or these defendants are without sufficient information to admit or deny the statements and therefore deny the same.

15.     As to paragraph 15, these defendants admit that a Mr. Gabresh believes he reported to PCSO that Wirth had told him that he was losing his home due to an eviction and that Wirth may pose a threat. As to remaining statements, these defendants deny the same or without sufficient information or recollection to admit or deny the statements set forth therein and denies the same.

16.     As to paragraph 16, and as of July, 2015, these defendants either deny the statements set forth therein or are without sufficient information to admit or deny the statements and therefore deny the same.

17.     As to paragraph 17, these defendants were without such information and knowledge at pertinent times. To the extent that the statements set forth in the paragraph infer knowledge as of February, 2016, the statements are denied.

18.     As to paragraph 18, these defendants admit that a court of proper jurisdiction issued a Writ of Restitution that was dated for February 24, 2016. The remaining statements set forth in the paragraph are denied.

### B.      RESPONSE TO "THE EVENTS OF FEBRUARY 24, 2016"

19.    As to paragraph 19, the statements are admitted.

20.    As to paragraph 20, these defendants admit that on February 24, defendant Hancock discussed the eviction of Mr. Wirth and advised that the eviction had a risk factor. Defendants admit that Sheriff Wegener was present during a part of the discussion. The remaining statements are denied.

21.    As to paragraph 21, defendants admit that Hancock was a SWAT Commander for PCSO. It is admitted that Captain Hancock believed the eviction did not warrant a SWAT response. Defendants admit that Hancock believed six officers were sufficient for the eviction. The remaining statements are denied.

22.    As to paragraph 22, the defendants admit the identified six individuals assisted in the eviction of Mr. Wirth.

23.    As to paragraph 23, the defendants admit that on February 24, a plan was devised with those present at the station that included certain individuals were to come to the front door of the residence to greet Wirth, with certain officers providing perimeter/coverage to the rear of the residence. It is admitted that a marked patrol vehicle was first, in order to let Wirth know of a law enforcement presence. These defendants admit that Hancock, discussed with the others officers that if Wirth barricaded himself, the officers could back off and discuss a contingency plan. The remaining statements are denied as phrased and/or characterized.

24.    As to paragraph 24, the statement is admitted.

25.    As to paragraph 25, defendants admit that there was a plan at the residence that included the placement of officers in agreed upon locations. It is admitted that Hancock and

Carrigan were to make the first contact with Wirth and that Deputy Carrigan possessed a professional and pleasant demeanor that would provide an appropriate initial contact. The remaining statements in the paragraph are denied as phrased.

26.     As to paragraph 26, the statement is admitted.

77.     As to paragraph 77, [sic], Defendants admit that Hancock and Carrigan went to the residence and observed Wirth on the deck. It is admitted that Carrigan advised Wirth that they were there to evict him from the premises as Wirth knew. It is admitted that Wirth responded with something to the effect. "You are not even going to give me time to move my stuff out?" It is admitted that Wirth went back into the residence from the deck. It is further admitted that four officers went to the front door of the residence and it was thought Wirth was going to meet them there, and that without doing so, Wirth would have a tactical advantage due to the elevation of the property. These defendants admit that at the front door, they knocked on the door and again announced their presence and the reason for it. The remaining statements are denied.

28.     As to paragraph 28, Defendant Hancock admits that the quote came from an interview taken after the incident after he had undergone a tremendously emotional and traumatic event, was short of sleep, and had sustained bullet wounds. Although the quotation accurately sets forth what was stated, it does not serve as his "assessment of the situation".

29.     As to paragraph 29, these defendants admit that Sheriff Wegener was listening to radio traffic concerning the eviction. Sheriff Wegener admits that he "had a bad feeling" and thought to himself that his presence might be of assistance, to include speaking directly to Wirth. Defendants admit that a radio transmission indicated the Wirth was going inside the residence.

Defendants admit that Sheriff Wegener received a transmission from Captain Hancock who expressed that too much time had passed with Wirth inside the residence without response. These defendants admit that Captain Hancock advised that the door needed to be breached and that Sheriff Wegener gave the go ahead to do so. The remaining allegations are denied or these defendants are without sufficient information to admit or deny the statements as phrased, or the statements constitute legal conclusions to which no response is required.

30.     As to paragraph 30, Defendant Hancock admits that Carrigan was told to breach the front door and get out of the way so others could enter. Defendant Hancock admits that Deputy Carrigan kicked the door open and based upon best information and belief, Deputy Martin was the first to enter the residence through the door and Deputy Threlkel was behind him. The remaining statements are denied.  Defendant Wegener is without personal information as to the specific entry because he was not a participant.

31.     As to paragraph 31, Defendant Hancock admits that Martin was heard to announce "Sheriff's Office! Show me your hands!" Defendant Sheriff Wegener has no personal knowledge. Defendant Hancock admits that Wirth began shooting and that Deputy Martin received shots to his legs, screamed in pain and was dragged out of the residence by Deputy Threlkel. Sheriff Wegener has no personal knowledge and therefore lacks sufficient information to admit or deny. The remaining statements in the paragraph are denied.

32.     As to paragraph 32, Defendant Hancock admits that Deputy Threlkel entered the residence with Deputy Martin. As to the remaining statements set forth in the paragraph, defendants are without sufficient information to admit or deny the statements and cannot comment accurately upon Deputy Threlkel's recollection or state of mind. Defendants admit that

the quotation is accurately taken from an interview of Deputy Threlkel post incident.

33.     As to paragraph 33, Defendant Hancock admits he heard gunfire while he was in the residence and that he sustained shots to his ear and his neck. Defendant Hancock admits that Deputy Carrigan appeared to be scrambling out of the residence doorway and as the officers were retreating, gunshots were coming out of the residence. The remaining statements are denied.

34.     As to paragraph 34, these defendants are without sufficient information to admit or deny the statements concerning what Deputy Lowrance saw or was thinking at any specific time. It is admitted that Deputy Lowrance surmised that Wirth had a tactical advantage as he was on higher ground shooting down at the officers and it is admitted that Deputy Lowrance acted selflessly and courageously in returning fire to protect himself and fellow officers.

35.     As to paragraph 35, defendants admit that after Deputy Carrigan kicked the door open, shots were fired by Wirth. Defendants admit, based upon their best information and belief that one of the shots entered into Deputy Carrigan under his armpit and into his chest cavity. It is admitted that certain officers were trying to provide medical assistance to Deputy Carrigan, encouraging him, giving him CPR and doing what they could. The quote attributed to Sheriff Wegener is an accurate transcription of an interview. The remaining statements are either denied or these defendants are without sufficient information to admit or deny the statements and therefor deny them.

36.     As to paragraph 36, these defendants admit that Wirth exited the back of the residence where Deputy Hannigan observed Wirth taking a positon at the rear of the home. It is admitted that Deputy Hannigan took the opportunity to shoot at the suspect. Based upon best

8

information and belief, the defendants admit that Wirth was armed, lying on the ground, and was searching the woods for the locations of officers. It is admitted that at the time Wirth focused on Deputy Hannigan and was about to fire, Defendant Hancock made it to the back of the residence and fired upon Mr. Wirth resulting in his death at the scene.

37.  As to paragraph 37, the statements set forth therein are denied. The many statements constitute legal conclusions, argument of counsel, speculation and conjecture and are not stated with sufficient definiteness nor particularity which would enable the defendants to respond.

38.  As to paragraph 38, these defendants admit that SWAT gear can include the items delineated in the paragraph.

39.  As to paragraph 39, no response is required by these defendants as there are no allegations directed to them. These defendants deny that there is a "typical SWAT situation" and to that extent, the generalized and conclusory statements, based upon conjecture and surmise set forth in the paragraph are denied.

40.  As to paragraph 40, the statements attributed to Captain Hancock are admitted as accurate transcriptions. The remaining statements and the inferences drawn are denied.

41.  As to paragraph 41, these defendants admit that Deputy Martin was airlifted to St. Anthony Hospital and that he sustained gunshot entry wounds, one bullet causing a femur fracture. As to remaining statements, these defendants deny the same or are without sufficient information to admit or deny them and therefore deny the same.

42.  As to paragraph 42, defendants admit that Deputy Carrigan died on scene and is survived by his mother, Melissa Carrigan, his father, John Carrigan, and two brothers and a

sister.

43. As to paragraph 43, these defendants admit that Nate Carrigan died but deny the remaining statements set forth in the paragraph.

44. As to paragraph 44, these defendants admit that Deputy Martin sustained injuries during the eviction process. The remaining statements are denied.

45. As to paragraph 45, no response is required as the statement set forth therein constitutes a legal conclusion to which no response is required. To the extent it is inferred or construed to assert a factual allegation, it is denied.

## V.     RESPONSE TO "CLAIMS FOR RELIEF"

**FIRST DEFENSE TO FIRST CLAIM FOR RELIEF**
**42 U.S.C. §1983 – Violation of Due Process Under The Fourteenth Amendment**
(*All Plaintiffs v. All Defendants*)

46. These defendants incorporate by reference their previous responses to the allegations and statements incorporated by paragraph 46 of the First Claim for Relief.

47. As to paragraph 47, these defendants state that 42 U.S.C §1983 speaks for itself.

48. As to paragraph 48, these defendants are without sufficient information to admit or deny the statements regarding the plaintiffs and therefore deny the same. As to the statements regarding the defendants, the statements constitute legal conclusions to which no response is required. To the extent it is inferred or construed that defendants' conduct implicates or violates 42 U.S.C. §1983 liability, it is denied.

49. As to paragraph 49, the Defendants Wegener and Hancock admit that they were acting under the color of state law in their capacity as an employee of PCSO. As to the remaining allegations, it is unknown what is meant by the phrase "final decision makers" which is subject

to interpretation and therefore, these defendants are without sufficient information to admit or deny the phraseology.

50.      As to paragraph 50, the statements set forth therein constitute legal conclusions to which no response is required by these defendants. To the extent that any statement is inferred or construed to state a claim against these defendants, these defendants deny that their conduct would be in violation of clearly established substantive due process constitutional rights.

51.      As to paragraph 51, the statements set forth therein constitute legal conclusions to which no response is required by these defendants. To the extent that any statement is inferred or construed to state a claim against these defendants, these defendants deny that their conduct would be in violation of clearly established substantive due process constitutional rights.

52.      As to paragraph 52, the statements set forth therein constitute legal conclusions to which no response is required by these defendants. To the extent that any statement is inferred or construed to state a claim against these defendants, these defendants deny that their conduct would be in violation of clearly established substantive due process constitutional rights.

53.      As to paragraph 53, the statement set forth therein is denied. The statement calls for a legal conclusion to which no response is required. It is not stated with sufficient definiteness nor particularity which would enable the defendants to properly prepare a response. These defendants admit that they acted as objectively "reasonable law enforcement officers".

54.      As to paragraph 54, the statements set forth therein are denied.

55.      As to paragraph 55, the statements set forth therein are denied.

56.      As to paragraph 56, defendants Wegener and Hancock admit that the breach of the residence was approved. The remaining statements set forth in the paragraph are denied.

57.     As to paragraph 57, the multiple statements do not require a response by these defendants because they constitute legal conclusions and/or are argumentative and are based on speculation and conjecture. These defendants admit that Deputy Carrigan was told to breach the door to the residence, that Wirth was in the residence, that there were communications by and between Captain Hancock and Sheriff Wegener regarding the breach of the door and that approval was given to do so, that SWAT was not called, and lastly, the quote attributable to Captain Hancock is accurately taken from post incident interview when Captain Hancock was emotionally spent, deprived of sleep, and injured from gunshots. The remaining statements, allegations, conclusions and accusations are denied.

58.     As to paragraph 58, these defendants deny the emotional and vitriolic statements set forth in the paragraph 58.

59.     As to paragraph 59, the statement set forth therein is denied.

60.     As to paragraph 60, the statement is denied.

61.     As to paragraph 61, the statements are denied.

62.     As to paragraph 62, the statements are denied.

### FIRST DEFENSE TO SECOND CLAIM FOR RELIEF
### 42 U.S.C. §1983 – Deliberately Indifferent Training and Supervision
### (All Plaintiffs v. All Defendants)

63.     These defendants incorporate by reference their previous responses to the allegations, statements, and conclusions incorporated by paragraph 63.

64.     As to paragraph 64, 42 U.S.C. §1983 speaks for itself and no response is required.

65.     As to paragraph 65, and based upon the defendants' best information and belief, citizenship and residency are admitted. The remaining statement constitutes a legal conclusion to

which no response is required. To the extent it is inferred or construed that defendants' conduct implicates or violates 42 U.S.C. §1983 liability, it is denied.

66.     As to paragraph 66, defendants Wegener and Hancock admit that they were acting in their capacity as employees of PCSO. The remaining statement constitutes a legal conclusion to which no response is required.

67.     As to paragraph 67, the statements set forth therein constitute legal conclusions to which no response is required. To the extent it is construed or inferred to suggest or allege that defendants' conduct violated the stated "rights", it is denied.

68.     As to paragraph 68, the statement set forth therein constitute a legal conclusion to which no response is required. To the extent it is construed or inferred to suggest or allege that defendants conduct violated the stated "rights", it is denied.

69.     As to paragraph 69, the statement set forth therein constitutes a legal conclusion to which no response is required. To the extent it is construed or inferred to suggest or allege that defendants conduct violated the stated "rights", it is denied.

70.     As to paragraph 70, the statement set forth therein is not stated with sufficient definiteness nor particularity within which to prepare a response. To the extent that the defendants understand the statement, it is admitted that law enforcement officers know certain rights exist. The statement and the paragraph lack specificity and particularity.

71.     As to paragraph 71, the statements and conclusions set forth therein are denied.

72.     As to paragraph 72, the statements set forth therein constitute legal conclusions. Further the statements lack specificity and particularity as to what "policy" is referred to, and what do plaintiffs define as "decision maker". Although the statements are legal conclusions and

so response is required, as Sheriff, it is admitted there are duties regarding training and supervision which includes monitoring, discipline and adherence to policy.

73.     As to paragraph 73, the statements set forth therein constitute legal conclusions. Further the statements lack specificity and particularity as to what "policy" is referred to, and what do plaintiffs define as "decision maker". Although legal conclusions, as a Captain, it is admitted there are duties regarding training and supervision which include monitoring, discipline and adherence to policy.

74.     As to paragraph 74, the statements, conclusions, and arguments are denied.

75.     As to paragraph 75, the statements conclusions, and arguments are denied.

76.     As to paragraph 76, the statements are denied.

77.     As to paragraph 77, the statements are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

### SECOND DEFENSE TO ALL CLAIMS FOR RELIEF

Plaintiffs' Complaint fails to state a claim against these defendants upon which relief may be granted.

### THIRD DEFENSE TO ALL CLAIMS FOR RELIEF

Sheriff Wegener and Captain Hancock's actions and conduct were objectively reasonable under the totality of circumstances.

### FOURTH DEFENSE TO ALL CLAIMS FOR RELIEF

To the extent that these individual defendants acted under the color of state law with respect to the plaintiffs, each individual defendant is entitled to absolute immunity, quasi-judicial immunity and qualified immunity or all such immunities, as well as any other applicable

immunity with respect to some or all of plaintiffs' claims against them.

### FIFTH DEFENSE TO ALL CLAIMS FOR RELIEF

The alleged injuries and damages sustained by the plaintiffs', in whole or in part, were proximately caused by the acts and omissions of Mr. Wirth over whom these defendants had no control, or right of control.

### SIXTH DEFENSE TO ALL CLAIMS FOR RELIEF

To the extent that the individual defendants acted under the color of state law with respect to the plaintiffs, each individual defendant is entitled to qualified immunity due to the absence of a claimed right that has been clearly established by the Supreme Court or Tenth Circuit decision that is on point.

### SEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF

To the extent that plaintiffs' claims are asserted against Sheriff Fred Wegener in his official capacity, they are duplicative of any claims against the Park County Sheriff's Office, and should be dismissed.

### EIGHTH DEFENSE TO ALL CLAIMS FOR RELIEF

To the extent that plaintiffs' claims are asserted against Captain Mark Hancock in his official capacity, they are duplicative of any claims against the Park County Sheriff's Office, and should be dismissed.

### NINTH DEFENSE TO ALL CLAIMS FOR RELIEF

Upon information and belief, plaintiffs' alleged damages are subject to offset by virtue of amounts received from other sources.

**TENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Upon information and belief, plaintiffs may not be the real party in interest, in whole or in part, to pursue all or a part of their claims and damages.

**ELEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs are not entitled to the relief being sought or claimed in the Complaint under any of the legal theories asserted.

**TWELFTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Upon information and belief, plaintiffs' may have failed to mitigate their claimed damages.

**THIRTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

All or part of plaintiffs' claims do not rise to the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983. In addition, no claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability with respect to PCSO.

**FOURTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

At all times pertinent, defendants acted in accordance with all common law, statutory and constitutional obligations, and without any intent to cause any or all of the plaintiffs harm. Individual defendants lack the requisite intent to establish any claim against them. The claims also fail to establish a basis for concluding that any defendant acted or failed to act in a willful and wanton manner. The individual defendants assert that they possess or possessed an objectively reasonable and good faith belief in the lawfulness of their conduct.

**FIFTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

To the extent, any action or inaction on the part of the defendants was in any way involved in any harm caused by plaintiff Martin, any action or inaction by such defendants was privileged under applicable law, including the privilege of law enforcement officers to use reasonable physical force to affect an arrest, keep a subject in custody, and defend themselves and others.

**SIXTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Some or all of the claims attempted by plaintiffs are duplicative or repetitive of one another and cannot be the basis for duplicative recovery.

**SEVENTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs cannot establish through a preponderance of proof that any custom, practice or policy of the PCSO was a moving force behind any alleged constitutional or other injury or damage asserted by the plaintiffs.

**EIGHTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

Plaintiffs cannot establish through a preponderance of proof that any training or alleged lack thereof, of the PCSO, was a moving force behind any alleged constitutional or other injury or damage asserted by the plaintiffs.

**NINETEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

The defendants did not breach any obligation or responsibility to anyone associated with the constitutional rights of any party in relation to this matter.

**TWENTIETH DEFENSE TO ALL CLAIMS FOR RELIEF**

Actions taken and the conduct of the defendants relevant to this matter were the result of

bona fide good faith judgment. Plaintiffs' claims are barred by the doctrine of judgmental immunity. The individual defendants exercised prudent and objectively reasonable care with regard to their actions relevant to plaintiffs' claims.

### TWENTY-FIRST DEFENSE TO ALL CLAIMS FOR RELIEF

Upon information and belief, some or part of plaintiffs' claims may be barred, limited or controlled by the Workers' Compensation Act of Colorado, C.R.S. §§ 8-40-101 *et seq.*

### TWENTY-SECOND DEFENSE TO ALL CLAIMS FOR RELIEF

Subject matter jurisdiction is lacking insofar as plaintiffs' claims fail to rise to the level of deprivation of federal constitutional rights under 42 U.S.C. § 1983.

### TWENTY-THIRD DEFENSE TO ALL CLAIMS FOR RELIEF

Upon information and belief, Sheriff Fred Wegener and Captain Mark Hancock were properly exercising their public duties pursuant to statute and properly exercising their police powers and the authority vested in them pursuant to statute.

### TWENTY-FOURTH DEFENSE TO ALL CLAIMS FOR RELIEF

Sheriff Fred Wegener, in his official capacity is not liable for exemplary damages pursuant to Colorado and federal law.

### TWENTY-FIFTH DEFENSE TO ALL CLAIMS FOR RELIEF

Captain Mark Hancock, in his official capacity is not liable for exemplary damages pursuant to Colorado and federal law.

### TWENTY-SIXTH DEFENSE TO ALL CLAIMS FOR RELIEF

PCSO is not liable for any exemplary damages pursuant to state or federal law in connection with this unfortunate matter, and all such claims are barred as a matter of law.

**TWENTY-SEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF**

These defendants reserve their right to assert other and additional defenses and affirmative defenses as may become known in the course of these proceedings.

WHEREFORE, having fully answered all the statements, conclusions and allegations in the Complaint, these defendants request that this Court enter judgment in their favor and against the plaintiffs, for an award of costs and attorney's fees, and to grant such other and further relief as this Court deems proper and appropriate.

**DEFENDANT DEMANDS A TRIAL TO A JURY ON ALL ISSUES.**

Respectfully submitted this 2nd day of February, 2017.

Respectfully Submitted,

*/s/ Timothy P. Schimberg*
Timothy P. Schimberg, Atty. No. 10686
Fowler, Schimberg, Flanagan & McLetchie, P.C.
1640 Grant Street, Suite 300
Denver, Colorado  80203
Tel: 303-298-8603
Fax: 303-298-8748
t_schimberg@fsf-law.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Reid J. Elkus
Donald C. Sisson
Lucas Lorenz
ELKUS & SISSON, P.C.
501 S. Cherry Street, Suite 920
Denver, Colorado 80246
relkus@elkusandsisson.com
dsisson@elkusandsisson.com
llorenz@elkusandsisson.com
Attorneys for Plaintiffs

/s/ Patricia Peak
_____
Patricia Peak