**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF COLORADO**

Civil Action No.     16-cv-03079-MSK-MJW

ESTATE OF NATE CARRIGAN,
JOHN CARRIGAN,
MELISSA CARRIGAN, and
KOLBY MARTIN,

      Plaintiffs,

v.

PARK COUNTY SHERIFF'S OFFICE,
SHERIFF FRED WEGENER, in his official and individual capacity, and
MARK HANCOCK, in his official and individual capacity,

      Defendants.

---

### DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

---

Defendants Park County Sheriff's Office, Sheriff Fred Wegener, and Mark Hancock ("Defendants"), by and through counsel, Timothy P. Schimberg of Fowler, Schimberg, Flanagan & McLetchie, P.C., submit the following Motion for Entry of Protective Order, as follows:

**D.C.COLO.LCivR 7.1A and Fed. R. Civ. P. 26(c)(1) Certificate of Conferral:**

Undersigned counsel conferred with Plaintiffs' counsel at the deposition of a third-party witness on June 20, 2017, regarding the subject of this Motion. Defendants appreciate the professionalism extended. Plaintiffs do not take a position regarding this Motion.

1

## I.  LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or . . . on matters relating to a deposition, in the court for the district where the deposition will be taken."  Whether to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court.  *Kennedy v. McCormick*, 2012 WL 1919787, *1 (D. Colo. 2012) (citing *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990)).  Protective measures may include, but are not limited to, forbidding further disclosure or discovery.  Fed. R. Civ. P. 26(c)(1)(A).

The following factors guide the Court's determination of whether a stay of discovery is warranted:  (1) Plaintiffs' interests in proceeding expeditiously with the civil action and the potential prejudice to Plaintiffs of a delay; (2) the burden on Defendants; (3) the convenience to the Court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. 2006).

## II.  ARGUMENT

The undersigned attorney, Timothy P. Schimberg, is counsel of record for all Defendants.  On June 20, 2017, undersigned counsel appeared at the deposition of Mr. Monte Gore, the former Undersheriff of the Park County Sheriff's Office.  The unanticipated testimony given by Mr. Gore in his deposition raises a genuine issue as to whether undersigned counsel can continue to represent all three, or any, Defendants without conflict.  Depositions of other witnesses are currently scheduled to occur over

the coming weeks, during which the existence of a conflict of interest, real or perceived, could limit undersigned counsel's responsibilities to his clients.  More importantly, Defendants need to reflect, be counseled, and make decisions regarding the issue.  Therefore, Defendants request that the Court stay deposition discovery until the question regarding undersigned's ability to continue representing the Defendants is resolved.  Specifically, Defendants request a stay of all further deposition discovery until Defendants have an opportunity to consider whether undersigned counsel can continue to represent Defendants without conflict and, if it is determined that undersigned cannot do so, until Defendants have retained other legal counsel.

      A stay of discovery under these circumstances is appropriate because it ensures that Defendants will not be burdened, oppressed, or put to the unnecessary expense of engaging in litigation that is impinged by conflicts of interest.  Applying the *String Cheese* factors, the balance of the parties' interests, combined with the significant facts and circumstances involved, leads to the conclusion that a stay of discovery is both justified and critically necessary.  With respect to the first factor, Plaintiffs will not be unduly prejudiced by the stay of discovery.  A significant amount of written discovery has already occurred.  A stay will not last any longer than necessary to resolve any conflict of interest and for Defendants to obtain other legal counsel, should doing so be necessary.  Undersigned counsel has already put into action the plan to gain a speedy, efficient, and just result.  There will be no unnecessary delay.  All parties are interested in proceeding with the litigation expeditiously.

The second *String Cheese* factor weighs heavily in favor of granting a stay. The burden upon Defendants to proceed with discovery while the question of a conflict of interest is pending, and which conflict may in fact exist, is great. Depositions are currently scheduled to occur in the near future. It would be extremely burdensome and adverse to Defendants' interests to proceed with discovery where such a conflict exists or may exist. Testimony could become compromised, inhibited, or unnecessarily duplicative.

As to the third factor, a stay of discovery avoids the possibility of the Court's adjudication of discovery disputes that may occur if discovery continues. The fourth factor also weighs in favor of granting the stay because all deposition witnesses will have greater assurance regarding the need, scope, and duration of their testimony after any conflict of interest is resolved. The fifth and final *String Cheese* factor also speaks in favor of granting the stay. This lawsuit involves facts that have dramatically impacted a small rural Colorado community. Staying discovery until the question of a conflict is resolved is more likely to encourage the public's perception that the case is being litigated efficiently and fairly.

A stay of further deposition testimony is justified to provide Defendants a reasonable opportunity to determine whether undersigned counsel may continue to represent Defendants or whether new counsel is needed. Defendants acknowledge that such a stay may require a modification of the deadlines set forth in the current Scheduling Order.

### III.     CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court enter a protective order to stay deposition discovery until the issue of a conflict of interest among Defendants is resolved.  A proposed Protective Order is submitted for the Court's convenience and consideration.  Entry of the Protective Order is in the interest of fairness and efficiency to not only Defendants, but to Plaintiffs, the Court, and the public.  Should it become necessary for Defendants to obtain other legal counsel, Defendants request that the stay continue until such counsel has been retained.

**DATED** this 22nd day of June, 2017.

Respectfully Submitted,

*/s/ Timothy P. Schimberg*
Timothy P. Schimberg, Atty. No. 10686
Fowler, Schimberg, Flanagan & McLetchie, P.C.
1640 Grant Street, Suite 300
Denver, Colorado  80203
Tel: 303-298-8603
Fax: 303-298-8748
t_schimberg@fsf-law.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of June, 2017, I electronically served the foregoing **DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following at their e-mail addresses:

Reid J. Elkus
Donald C. Sisson
Lucas Lorenz
ELKUS & SISSON, P.C.
501 S. Cherry Street, Suite 920
Denver, Colorado 80246
relkus@elkusandsisson.com
dsisson@elkusandsisson.com
llorenz@elkusandsisson.com
Attorneys for Plaintiffs

                                              */s/ Eden R. Rolland*
                                              Eden R. Rolland, Reg. No. 48877