IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. : 1:16-cv-03079-MSK-MJW

**ESTATE OF NATE CARRIGAN**,
**JOHN CARRIGAN**,
**MELISSA CARRIGAN,**
**KOLBY MARTIN,** and
**TRAVIS THRELKEL**

      Plaintiff(s),

v.

**PARK COUNTY SHERIFF'S OFFICE**,
**SHERIFF FRED WEGENER**, in his official and individual capacity, and
**MARK HANCOCK**, in his official and individual capacity,

      Defendant(s),

and

**WELLES TONJES**

      Interventor.

---

### **UNOPPOSED MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER PURSUANT TO F.R.C.P. 24(b)(2); 26(b), (c)**

---

Interventor, Welles Tonjes, by and through his counsel, the law firm of Benezra & Culver, P.C., hereby submits his Unopposed Motion to Intervene and Modify Protective Order Pursuant to F.R.C.P. 24(b); 26(b), (c) as follows:

    1.    **CERTIFICATION OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1A**: Movant has made a good faith attempt to confer with Plaintiff's counsel Elkus & Sisson and Defendant's council Fowler, Schimberg, Flanagan & McLetchie and Berg

Hill Greenleaf Ruscitti regarding this motion. Undersigned counsel certifies that all parties do not oppose this motion and the relief sought herein.

2. On December 14, 2016, the Plaintiffs in this action brought suit against Defendants alleging, pursuant to 42 U.S.C. §1983, Violation of Due Process Under The Fourteenth Amendment and Deliberately Indifferent Training and Supervision. These allegations arose from an eviction action by the Park County Sheriff's Office that tragically resulted in the Death of Deputy Nate Carrigan and injuries to Deputy Colby Martin. (Case No. 1:16-cv-03079-MSK-MJW, Docket # 1).

3. On February 24, 2017, Movant brought a suit against Defendants alleging, pursuant to 42 U.S.C. §1983, Denial of Due Process Property Interest and Violation of Freedom of Association, Deprivation of Due Process Liberty Interest, and various state law claims. *See* Tonjes Complaint and Jury Demand, attached as Exhibit 1. These allegations arose from Movant's demotion and subsequent constructive discharge in the days following the events that gave rise to Plaintiff's claims for relief. *Id.* Among other things, Movant alleged that he believed Defendants Wegener and Hancock acted recklessly regarding the eviction and that his demotion and subsequent constructive discharge were motivated by this belief.

4. On March 13, 2017, this Court entered a Protective Order related to the maintenance of confidential information obtained in the course of discovery. [Doc. No. 25]. This Order contains a provision prohibiting the disclosure of confidential information.

5. On August 14, 2017, Movant propounded a discovery request in his case seeking, among other things, the deposition transcripts in this matter. Defendant has not produced any transcripts in response to this request and has cited concerns over the confidential designation of the transcripts.

6. The requested deposition transcripts are necessary to pursue Movants claim because the transcripts will permit Movant to fully understand the events surrounding the eviction. This understanding is necessary because Defendants, have denied various factual allegations contained in Movant's complaint. Moreover, access to these transcripts will prevent duplicative discovery of fact witnesses.

7. "The courts have widely recognized that the correct procedure for a nonparty to challenge a protective order is through intervention for that purpose. When a collateral litigant seeks permissive intervention solely to gain access to discovery subject to a protective order, no particularly strong nexus of fact or law need exist between the two suits." *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990).

8. Based on this authority, Movant hereby requests that the Court grant his unopposed motion to intervene pursuant to F.R.C.P. 24(b), and to modify the protective order to allow Defendants to produce discovery from this case to him.

Respectfully submitted on this 20th day of December, 2017,

By *s/ Adam W. Ray*
Adam W. Ray, Esq.
Benezra & Culver, P.C.
633 17th Street, Suite 1450
Denver, CO 80202
awray@bc-law.com

4

*Attorney for Wells Tonjes*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2017, I electronically served the foregoing **UNOPPOSED MOTION TO INTERVENE AND MODIFY PROTECTIVE ORDER PURSUANT TO F.R.C.P. 24(b)(2); 26(b), (c)** on the following:

Donald C. Sisson, Esq.
Reid J. Elkus, Esq.
Lucas Lorenz, Esq.
501 S. Cherry Street, Suite 920
Denver, CO 80246
dsisson@elkusandsisson.com
relkus@elkusandsisson.com
llorenz@elkusandsisson.com
*Attorneys for Plaintiffs*

Timothy P. Schimberg, Esq.
Fowler, Schimberg, Flanagan, McLetchie, P.C.
1640 Grant Street, Suite 150
Denver, CO 80204
T_schimberg@fsf-law.com
*Attorney for Defendant Park County*
*Sheriff's Office and Wegener*

Josh A. Marks, Esq.
David J. Goldfarb, Esq.
Berg Hill Greenleaf Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
jam@bhgrlaw.com
djg@bhgrlaw.com
*Attorneys for Defendant Hancock*

*s/ Adam W. Ray*
_____
Adam W. Ray, Esq.