Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 1 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
**Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.**

Page 37

```
22            In 2014, he agreed and left the residence.
23       Q    (BY MR. ELKUS)  Okay.  So in 2014, Mr. Wirth
24  left his residence -- residence peacefully, is that fair
25  to say?
```

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 2 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
**Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.**

Page 38

1    A   He did.

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 3 of 11
FREDRICK WILLIAM WEGENER, III - 6/8/2017
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 106

5      Q    Okay.  And to the best of your knowledge,

6  Sheriff, prior to February 24th, did the Park County

7  Sheriff's Office have any complaints of any kind

8  concerning Mr. Martin Wirth, other than the 2014 eviction?

9      A    No.  The eviction was it.

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 4 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
**Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.**

Page 144

```
24        Q    Okay.  So you're going with what -- you know,
25   if they felt comfortable with it, you felt comfortable
```

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 5 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
**Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.**

Page 145

1    with what they were doing?

2        A    Correct.

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 6 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
**Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.**

Page 187

14       Q    All right.  Now, but at some point you said
15  that you heard Leffler say that he was out on the porch
16  and he was running back in?
17       A    Correct.
18       Q    Okay.  So that was on Ops 5, correct?
19       A    Correct.
20       Q    And Leffler radioed that out on Ops 5; is that
21  right?
22       A    Correct.

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 7 of 11
FREDRICK WILLIAM WEGENER, III - 6/8/2017
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 190

```
 5            When you came back -- when you came on scene --
 6       A    Yes.
 7       Q    -- were you still on Ops 5?
 8       A    I was on Ops 5.
 9       Q    And when you were on Ops 5, did you hear
10   anybody air, I think this is a barricade?
11       A    No, I didn't.
12       Q    So you didn't hear that?
13       A    No, I didn't hear anybody say that.
```

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 8 of 11
FREDRICK WILLIAM WEGENER, III - 6/8/2017
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 219

```
18      Q    Okay.  And these -- and -- and Captain Hancock,
19   he was a SWAT commander, right?
20      A    Correct.
```

FREDRICK WILLIAM WEGENER, III - 6/8/2017
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 308

17      Q    (BY MR. ELKUS)  So looking at Number 6 in your

18   discovery responses.  You state here, under that

19   paragraph, Based upon the fact that we had a court order,

20   SWAT commander and one of the offices, the most

21   experienced tactical officers present, the fact that I had

22   a trusted colleague in whom I had a confidence to assess

23   the situation, I thought a reason to support the request

24   for expedient entry with the objective the suspect would

25   not be able to gain tactical advantage.

Case No. 1:16-cv-03079-MSK-NRN   Document 56-3   filed 03/29/18   USDC Colorado   pg 10 of 11

**FREDRICK WILLIAM WEGENER, III - 6/8/2017**
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 309

```
 1            Do you see that?
 2      A     Yes.
 3      Q     So who was one of the offices most experienced
 4   tactical officers present at that time?
 5      A     Mark Hancock.
 6      Q     And then you said, And the fact that I had a
 7   trusted colleague in whom I had -- I had confidence to
 8   assess the situation.
 9            Who was that?
10      A     Mark Hancock.
```

FREDRICK WILLIAM WEGENER, III - 6/8/2017
Estate of Nate Carrigan, et al. v. Park County Sheriff's Office, et al.

Page 315

3     Q    And on scene was a SWAT commander?

4     A    Correct.  Martin Hancock.

5     Q    All right.  You also had one of the offices

6  most experienced tactical office -- officers there.  Now,

7  that would include Mr. Hancock, correct?

8     A    Correct.

9     Q    Would it include any of the others that were on

10 scene?

11    A    Yes.

12    Q    Who?

13    A    Kolby Martin.

14    Q    So Mr. Martin was actually a team leader of

15 your SWAT team, correct?

16    A    Correct.